# EXHIBIT 1

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>18-004495-CB<br>Hon.Brian R. Sullivan |
|---|---|---|

Court Address 2 Woodward Ave., Detroit MI 48226          Court Telephone No. 313-224-2447

| Plaintiff<br><br>O.L. Matthews, MD, PC | v | Defendant<br><br>Harleysville Lake States Insurance Company |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Mark A. Pitchford 66951<br>10 W Square Lake Rd Ste 100<br>Bloomfield Hills, MI 48302-0466 | | |
| **Plaintiff's Attorney**<br><br>Mark A. Pitchford 66951<br>10 W Square Lake Rd Ste 100<br>Bloomfield Hills, MI 48302-0466 | | |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>4/24/2018 | This summons expires<br>7/24/2018 | Court clerk<br>Inga Robertson |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court.The name of the court, file number and details are on page _____of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be filled by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____          _____
Date                                  Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01 (6/17) SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

Note to Plaintiff :The summons is invalid unless
served on or before its expiration date.

**SUMMONS AND COMPLAINT**
**18-004495-CB**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Fee $ | | | Signature |
|---|---|---|---|---|---|
| Incorrect Address fee $ | Miles traveled $ | Fee $ | | Total fee $ | Name (type or print) |
| | | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE 3rd JUDICIAL CIRCUIT COURT
WAYNE COUNTY

O.L. MATTHEWS, MD, PC,
    Plaintiff,

v

HARLEYSVILLE LAKE STATES
INSURANCE COMPANY,
    Defendant.

Case No: 18-      -CB

Hon:

_____/

Pitchford Law, PC
Mark A. Pitchford (P66951)
Attorney for Plaintiff
10 W Square Lake Rd, Ste. 100
Bloomfield Hills, MI 48302
(248) 785-3777
mark@pitchlawpc.com

_____/

There is no other pending or resolved civil action arising out of the

transaction or occurrence alleged in this Complaint.

PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, O.L. Matthews, MD, PC, by and through its attorney, Pitchford

Law, PC, for its Complaint states:

GENERAL ALLEGATIONS

1. O.L. Matthews, MD, PC, is a Michigan professional corporation with its

   principle place of business located at 3011 W Grand Blvd, Ste. 466,

   Detroit, MI 48202 in Wayne County, Michigan (hereinafter referred to as

   "Dr. Matthews").

2. Harleysville Lake states Insurance Company is an insurance company

   domiciled in Ohio, with its principle place of business at One West

Document received by the MI Wayne 3rd Circuit Court.

Nationalwide Blvd 1-04-701, Columbus, OH, with CSC-Lawyers

Incorporating Service Company listed as its Michigan resident agent

located at 601 Abbot Road, East Lansing, MI 48823 (hereinafter referred

to as "Harleysville").

3. Harleysville does business throughout the State of Michigan.

4. The incidents complained of occurred within the City of Detroit, Wayne

County, Michigan.

5. Harleysville sold Dr. Matthews a Businessowners Policy, Policy Number

BOP00000053716U to insure physical damage, which policy included loss

due to storm and water damage, (hereinafter the "Policy") with respect to a

real and personal property located at 1286 Middlebelt Rd, Inkster, MI

48141 (hereinafter the "Property").

6. A copy of the Policy is in Harleysville's possession, so the contract is not

attached to this Complaint.

7. Jurisdiction is proper in this Court based on Harleysville's doing business

throughout the State of Michigan, including Wayne County, Michigan.

8. Venue is proper in this Court since Harleysville conducts business in

Wayne County, Michigan and that is the location of the underlying loss to

which the Policy covers.

9. Dr. Matthews prays for damages that are more than $25,000, so

jurisdiction is proper in this court.

## **GENERAL ALLEGATIONS**

Document received by the MI Wayne 3rd Circuit Court.

10. Dr. Matthews incorporates all allegations listed above as if repeated verbatim.

11. During a period of time from approximately August 16, 2017 to August 17, 2017, a series of storms caused damage to Dr. Matthews' real and personal property located at the Property; caused a loss of business income, and caused Dr. Matthews to incur additional extra expenses as a result of the damage.

12. Such real and personal property was insured under the Harleysville Policy, at all times relevant hereunder.

13. Dr. Matthews reported the damage to Harleysville and Harleysville assigned Claim Number 805593-GF to the claim ("Claim").

14. Dr. Matthews fully cooperated with Harleysville's investigation, including providing a recorded statement at Harleysville's request.

15. Dr. Matthews provided Harleysville with facts tending to show a storm or storms caused the damage to the real and personal property located at the Property.

16. Harleysville denied the claim citing that "the loss was caused by the exploitation of breaches in the roof from latent defects and a lack of proper and timely maintenance or repair." and denied liability to pay the Claim.

17. Dr. Matthews supplemented its Claim with an engineering analysis showing how the storm caused damage to the roof and allowed water to enter the building at the Property causing damage to the building and the personal property.

Document received by the MI Wayne 3rd Circuit Court.

18. Harleysville's denial failed to articulate the factual basis for its denial and therefore the denial letter does not articulate any facts to negate Dr. Matthews' Claim or explain the facts that Harleysville used to interpret its Policy language in support of a denial.

19. Harleysville's denial waives any further action required by Dr. Matthews under the terms of the Policy before filing this Civil Action.

20. Dr. Matthews did fully cooperate with the Harleysville's claim investigation and Policy provisions prior to filing this Complaint.

21. Harleysville's unnecessary delay in wrongfully delaying payment of this claim for its own financial benefit resulted in unjust enrichment, while Dr. Matthews suffered additional economic losses.

22. Harleysville has failed to perfect its denial of the claim in accordance with MCL 500.2026.

23. Harleysville's unreasonable denial, is unreasonable because it fails to articulate the facts supporting its denial, and would be considered an unfair trade practice under MCL 500.2026(1)(l).

24. Harleysville failed to promptly provide a reasonable explanation of the basis under the Policy in relation to the facts or applicable law for denial of a claim, which would be considered an unfair trade practice under MCL 500.2026(1)(n).

25. The level of specificity required for a reasonable insurance claim denial is reasonably equivalent to the requisite minimum specificity required to support a civil action pleading.

Page 4 of 6

Document received by the MI Wayne 3rd Circuit Court.

26. Harleysville's denial letter fails to allege the specific facts required to put Dr. Matthews on notice of the basis of Harleysville's alleged denial.

27. Harleysville's failure to articulate the facts supporting its defense is a waiver of any defense to this claim.

28. The delay in Harleysville in paying the Claim is creating a delay in Dr. Matthews ability to pay for the necessary repairs and Harleysville's delay has caused Dr. Matthew to incur additional and unnecessary economic losses based on a frivolous denial that ignores the plain policy language.

### BREACH OF CONTRACT

29. Dr. Matthews incorporates all allegations listed above as if repeated verbatim.

30. Dr. Matthews paid Harleysville all premiums due under the Policy.

31. Dr. Matthews' Property suffered storm damage from approximately August 16, 2017 through August 17, 2017 and continuing thereafter.

32. Harleysville denied coverage for the Claim.

33. Harleysville has breached the Policy by denying the Claim.

34. Dr. Matthews has incurred out-of-pocket expenses due to Harleysville's denial of the Claim.

35. Dr. Matthews has been damaged as a result of Harleysville's breach arising from the Claim of more than $25,000.

36. Harleysville is liable for the repair and replacement required for physical damage to the covered property arising from the Claim.

Document received by the MI Wayne 3rd Circuit Court.

37. Harleysville is further responsible for payment of statutory interest of 12% under MCL 500.2006(4).

38. Harleysville's denial is frivolous, as shown by the inability to articulate any factual basis to support its position in its denial letter, and attorney fees should be awarded in favor of Dr. Matthews.

## **JURY DEMAND**

39. Dr. Matthews demands a trial by jury for any and all issues as to which there is a right to a trial by jury.

PLAINTIFF REQUESTS that this honorable Court enter a judgment in an amount in excess of $25,000, plus statutory interest of 12% under MCL 500.2006(4), prejudgment interest, post judgment interest, compensation for the additional economic loss that could have been avoided if the claim were promptly paid, together with reasonable attorney fees, costs and any other relief this Court finds fair and equitable.

Dated: April 23, 2018                    Respectfully Submitted,

/s/ Mark A. Pitchford
Pitchford Law, PC
Mark A. Pitchford (P66951)
Attorney for Plaintiff
10 W Square Lake Rd, Ste. 100
Bloomfield Hills, MI 48302
(248) 547-6550
mark@pitchlawpc.com

Document received by the MI Wayne 3rd Circuit Court.